In re LERNER.

No. 40156.

District Court, E. D. New York.

Nov. 3, 1941.

Abraham J. Halprin, of New York City (Raymond L. Wilcovitz, of Albany, N. Y., of counsel), for respondent, Flushing Jamaica Corporation.

William J. Rudin, of Brooklyn, N. Y., for trustee.

MOSCOWITZ, District Judge.

This is a motion to review the order of the Referee.

On December 18, 1940 Abraham Lerner filed a petition for arrangement pursuant to Chapter XI of the Bankruptcy Act, II U.S.C.A. § 701 et seq., and was continued in possession. On July 23, 1941 an order was made adjudicating Lerner a bankrupt and a trustee was appointed under bond, who qualified as such.

On August 15, 1940 prior to the filing of a petition for arrangement, Lerner executed and delivered to the Long Island Drug Company, Inc., a chattel mortgage covering his fixtures and equipment in the sum of $1,359.17, which was filed in the Register's office of Queens County on August 16, 1940.

On June 11, 1941, during the pendency of the arrangement proceedings, Lerner executed and delivered a chattel mortgage to the Flushing Jamaica Corporation covering his furniture and equipment in the sum of $1,200. The chattel mortgage was filed in the Register's office of Queens County on June 12, 1941.

On May 16, 1941, the Long Island Drug Company, Inc., subordinated its chattel mortgage to the chattel mortgage of the Flushing Jamaica Corporation, which agreement was filed June 12, 1941, in the Register's office of Queens County.

Lerner, the debtor and the trustee were successively in possession of the assets of the estate covered by the chattel mortgages.

A debtor in possession has the responsibilities of a trustee or a receiver who cannot borrow money or pledge the assets of the estate without a Court order. Here, no such order was obtained authorizing the debtor to borrow money and to give a chattel mortgage covering the furniture and equipment. See 11 U.S.C.A. § 207; In re Avorn Dress Co., Inc., 2 Cir., 78 F.2d 681. The Avorn Dress Co. case, supra, was decided under Section 77B of the Bankruptcy

Act, but the conclusion reached therein applies to these proceedings under the Chandler Act. The Flushing Jamaica Corporation chattel mortgage is invalid.

The Long Island Drug Company was not made a party to the proceedings before the Referee, therefore the effect of the subordination of its mortgage cannot now be determined. The matter will be referred back to the Referee so that the Long Island Drug Company may be made a party to the proceedings.

Settle order on notice.